**No. 23-636**

OPINION ISSUED JUNE 18, 2025
(KOH, OWENS, BEA, CIRCUIT JUDGES)

---

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

---

WATERKEEPER ALLIANCE, *et al.,*
*Petitioners,*
v.
U.S. ENVT'L PROT. AGENCY, *et al.*
*Respondents,*

AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS
and AMERICAN PETROLEUM INSTITUTE,
*Intervenors.*

---

On Petition for Review of Final Agency Action of the
United States Environmental Protection Agency

---

**WATERKEEPER ALLIANCE, ET AL's
MOTION FOR ATTORNEYS' FEES**

SARAH KULA
JENNIFER DUGGAN
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 599 9786
skula@environmentalintegrity.org
jduggan@environmentalintegrity.org

*Counsel for Petitioners Waterkeeper
Alliance, et al.*

HANNAH CONNOR
Center for Biological Diversity
1411 K St NW, Suite 1300
Washington, DC 20005
(202) 681-1676
HConnor@biologicaldiversity.org

*Counsel for Center for Biological
Diversity*

**INTRODUCTION**

Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412(b), 2412(d)(2)(B), Ninth Circuit Rule 39-1.6, and the Clean Water Act, 33 U.S.C. § 1365(d), petitioners Waterkeeper Alliance, Center for Biological Diversity, Clean Water Action, Food & Water Watch, Healthy Gulf, Surfrider Foundation, Bayou City Waterkeeper, Black Warrior Riverkeeper, San Antonio Bay Estuarine Waterkeeper, Tennessee Riverkeeper, and San Francisco Baykeeper (collectively, "Petitioners"[1]) hereby apply for an award of attorneys' fees in the amount of $806,893.85 for work in this case brought under the Clean Water Act ("CWA"), 33 U.S.C. § 1369(b)(1), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A). Petitioners globally prevailed in their challenge to seven determinations by the Environmental Protection Agency ("EPA") not to revise the effluent limitations, effluent limitation guidelines, and promulgation of pretreatment standards ("ELGs") for the following industrial point source categories: Petroleum Refining, 40 C.F.R. Part 419; Inorganic Chemicals Manufacturing, 40 C.F.R. Part 415; Organic Chemicals, Plastics, and Synthetic Fibers ("OCPSF"), 40 C.F.R. Part 414; Fertilizer Manufacturing, 40 C.F.R. Part

---

[1] Environment America was also a petitioner in this case but does not seek recovery of fees because they do not qualify as a "party" under EAJA.

1

418; Pesticide Chemicals, 40 C.F.R. Part 455; Plastics Molding and Forming, 40 C.F.R. Part 463; and Nonferrous Metals Manufacturing, 40 C.F.R. Part 421 (together, the "Seven Industrial Categories"). The award of fees to Petitioners is warranted here.

Petitioners are filing this motion to comply with the short deadlines specified by EAJA, *see* 28 U.S.C. § 2412(d)(1)(B). However, EPA has agreed to engage with Petitioners in discussions aimed at effectively resolving the dispute without the need for further litigation. Accordingly, the parties are concurrently filing a consent motion to defer further proceedings on this fee application while they attempt to resolve the matter by settlement. Petitioners reserve the right to submit additional evidence in support of this motion should it become necessary to do so. *See U.S. v. Hristov*, 396 F.3d 1044, 1047 (9th Cir. 2005) (holding "EAJA attorney's fees application could be amended by 'relation back'").

## ARGUMENT

**I. Petitioners Are Entitled to An Award of Attorneys' Fees Under EAJA.**

"EAJA was designed to encourage individuals and small businesses to contest government actions by authorizing fee awards to a prevailing party." *Lauritzen v. Lehman*, 736 F.2d 550, 556–57 (9th Cir. 1984). The Act provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having

2

jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The term "party" is defined as either "an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed," or "any. . . organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed." *Id.*, § 2412(d)(2)(B).

## A. Petitioners' Motion for Attorneys' Fees is Timely.

Petitioners' motion is timely. EAJA provides that a motion for attorneys' fees must be filed "within thirty days of final judgment in the action." 28 U.S.C.A. § 2412(d)(1)(B). Final judgment "means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991). This Court has stated that "final judgement" is "the date on which a party's case has *met its final demise*," meaning "there is no longer any possibility" that the decision "is open to attack." *Al-Harbi v. I.N.S.*, 284 F.3d 1080, 1083 (9th Cir. 2002) (emphasis added) (quoting *Myers v. Sullivan*, 916 F.2d 659 (11th Cir. 1990)). Here, the Court issued its decision on June 18, 2025, and granted several EPA unopposed motions to extend the time to file a petition for rehearing until December 29, 2025. *See* Text Clerk Order dated Jul. 8, 2025; ECF Nos. 80.1, 82.1. The case "met its final demise" on December 29, 2025, when

3

EPA did not file a petition for rehearing. The mandate issued on January 6, 2026. ECF No. 85.1. As such, January 28, 2026 is the deadline for Petitioners to file this motion.

### B. Petitioners are Prevailing Parties for Purposes of EAJA.

It is beyond dispute that Petitioners are the "prevailing parties" in this litigation: they sought and received an order from this Court remanding seven EPA decisions not to revise ELGs for the Seven Industrial Categories. *Waterkeeper All. v. U.S. Envtl. Prot. Agency*, 140 F.4th 1193, 1228 (9th Cir. 2025). Because their victory resulted in "a material alteration of the legal relationship of the parties" that is "judicially sanctioned," Petitioners "prevailed" for purposes of EAJA. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001)); *see Klamath Siskiyou Wildlands Ctr. v. Bureau of Land Mgmt.*, 589 F.3d 1027, 1030 (9th Cir. 2009) ("[A]n order remanding a case to an administrative agency for further proceedings passes the *Buckhannon* test, where such a remand is what the . . . petitioner sought."); *see also Nat'l Family Farm Coalition v. EPA,* 29 F.4th 509, 511 (9th Cir. 2022) (noting that petitioners were prevailing parties given court's holding that a pesticide registration violated FIFRA). Nor is there any question that Petitioners are "parties" within the meaning of EAJA. 28 U.S.C. § 2412(d)(2)(B).

4

In sum, Petitioners are prevailing parties eligible for an award of attorneys' fees under EAJA.

### C. EPA's Position Was Not Substantially Justified, and No Special Circumstances Make an Award Unjust.

A respondent can defeat an award of attorneys' fees only if a respondent proves that its position both prior to and in the litigation was substantially justified. *See* 28 U.S.C. § 2412(d); *see also Rawlings v. Heckler*, 725 F.2d 1192 (9th Cir. 1984). This test looks at "whether a reasonable person would think the government's position was reasonable." *Lewis v. U.S.*, 144 F.3d 1220, 1222 (9th Cir. 1998). "The burden of proving the special circumstances or substantial justification exception to the mandatory award of fees under the EAJA rests with the government." *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991).

EPA cannot meet this burden here. EPA cannot show that its decisions not to revise ELGs for the Seven Industrial Categories were reasonable. To the contrary, and as the Court concluded, EPA failed to comply with both the CWA and APA. *Waterkeeper All.*, 140 F.4th at 1228. For example, as the Court found, by deciding not to revise ELGs for the Seven Industrial Categories "without reference to technological developments, notwithstanding their centrality to the CWA's statutory scheme, EPA entirely failed to consider an 'important aspect' of ELGs." *Id.* at 1220 (citing *Michigan v. E.P.A.*, 567 U.S., 743, 752 (2015). In declining to establish or revise pretreatment standards for indirect dischargers, "EPA relied

5

exclusively on data from *direct* dischargers" despite record evidence that EPA could access indirect discharger data. *Id.* at 1221-22 (emphasis added). EPA also "ignored unregulated pollutants without any explanation as to how it exercised its discretion and failed to consider an important aspect of ELGs and the CWA." *Id.* at 1223. For the Plastics Molding and Forming ELGs, the Court found that, "[p]erplexingly, at no point did EPA consider whether it would be appropriate to establish ELGs for stormwater runoff" despite record evidence that it "accounted for such a high percentage of the overall pollution load for the industry." *Id.* at 1227. Further, "EPA offer[ed] no further discussion" of data in the record that demonstrates facilities are reporting concentrations of pollution significantly below existing ELGs, which the Court states is "seemingly strong evidence that the ELGs for these pollutants are less strict than they should be[.]" *Id.* at 1227. For these reasons, the Court's opinion in this case establishes that EPA's decisions not to revise ELGs for the Seven Industrial Categories was unreasonable and therefore not substantially justified.

Nor are there any "special circumstances" that would make an award of attorneys' fees and costs unjust. Congress intended the special circumstances provision of EAJA to be a "safety valve . . . to ensure that the Government is not deterred from advancing in good faith . . . novel but credible extensions and interpretations of the law." H.R. Rep. No. 96-1418, at 11 (1980) *reprinted in* 1980

6

U.S.C.C.A.N. 4984, 4990. This case, however, did not turn on interpretations of law. Rather, it turned on EPA's failure to comply with the law, as well as EPA's failure to consider the evidence contained in the administrative record. *See e.g.*, *Waterkeeper All.*, 140 F.4th at 1220 (EPA "fail[ed] to so much as consider technological developments in the Category Ranking"); *id.* at 1221 ("[T]he record does not support EPA's contention that it lacked data about indirect dischargers."); *id.* at 1223 ("EPA indicated in Preliminary Plan 15 that it could have incorporated TRI data into its Category Ranking Analysis 'to assess discharges of additional [unregulated] toxic pollutants not reported on DMRs,' but declined to do so without explanation."); *id.* at 1227 ("Despite this finding that the vast majority of pollution was contributed by stormwater runoff, EPA chose to exclude information about stormwater runoff from its review of unregulated pollutants contributed by this category.").

Even further, Petitioners in this case sought a timely resolution of the case and would have no motivation for protracting litigation given their stated objective of seeing the challenged decisions remanded to protect human health and the environment— which Petitioners ultimately achieved. Accordingly, there are no special circumstances here that make an award unjust. In sum, Petitioners have demonstrated that they are eligible for an award of attorneys' fees under EAJA.

## II.    The Attorneys' Fees Incurred by Petitioners Are Reasonable.

Because Petitioners meet the criteria for an award under EAJA, they are entitled to recover their "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A). The "'fees and other expenses'" Petitioners seek "includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees." *Id*. Under EAJA, "fees and other expenses" are "in addition to any costs awarded pursuant to subsection (a)" because costs are governed separately under the separate subsection. *Id*. § 2412(a) of EAJA. 28 U.S.C. § 2412(d)(1)(A). EAJA further clarifies that section 2412(a) "costs" specifically do *not* include the "fees and expenses of attorneys," which are to be addressed separately. *Id*. § 2412(a)(1).

Fee awards are calculated using the lodestar method. According to the Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) ("This court applies the principles set forth in *Hensley* . . . to determine what constitutes a reasonable fee award under the EAJA."). The resulting "lodestar" amount is "presumptively reasonable." *In re Bluetooth Headset Products Liab.*

8

*Litig.*, 654 F.3d 935, 941–42 (9th Cir. 2011). As set forth below, Petitioners' requested amount is well documented and eminently reasonable.

## A. The Time Claimed by Petitioners Was Reasonably Expended.

With respect to the attorney hours claimed by Petitioners, it is well established that they are "entitled to an award of fees for all time reasonably expended in pursuit of the ultimate result achieved in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley*, 461 U.S. at 431 (quoting *Davis v. Cty. of Los Angeles*, 8 E.P.D. ¶ 9444 (C.D. Cal. 1974)); *see Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) ("Ultimately, a reasonable number of hours equals the number of hours which could reasonably have been billed to a private client.") (internal quotations omitted). "The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." *Gonzalez*, 729 F.3d at 1202. However, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

As set forth in the declarations of counsel submitted with this application, Petitioners' counsel and legal staff contemporaneously recorded every task performed and every minute expended on the merits of this litigation. *See* Duggan

9

Decl. ¶ 18; Connor Decl. ¶ 17. Petitioners do not include in this application time for non-compensable tasks. Counsel for Petitioners made the requisite "good faith effort to exclude from [their] fee request hours that are excessive, redundant, or otherwise unnecessary," *Hensley,* 461 U.S. at 434, exercising careful billing judgment to exclude from their time records any time that may have been unreasonable or otherwise expended on tasks not appropriately included in a fees claim. *See* Duggan Decl. ¶¶ 19, 22; Connor Decl. ¶¶ 18, 21. In addition, Petitioners have not included a significant number of hours that managing attorney Jennifer Duggan spent working on this matter or the time of several other attorneys, research staff, and law clerks who assisted with and provided discrete advice on specific issues throughout this litigation. *See* Duggan Decl. ¶ 19.

Further, it is well established under EAJA that prevailing parties receive compensation for the work of paralegals, law clerks, and expert witnesses. *See* 28 U.S.C. § 2412(d)(2)(A) (fees include "the reasonable expenses of expert witnesses," as well as "reasonable attorney fees").

A summary of the time for each attorney is set out below. The contemporaneous time records for these hours are attached to the declarations submitted with this motion. The hours for which reimbursement is sought are reasonable in light of the nature and extent of the proceedings in this case, as discussed below.

10

Petitioners are also entitled to an award of attorneys' fees incurred preparing this EAJA application. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 166 (1990); *see also Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) ("[*Jean*] concluded that the fees litigation was a part of the 'civil action' covered by the EAJA."). Should Petitioners and EPA be unable to settle Petitioners' claim for attorneys' fees, Petitioners anticipate amending their motion to include time incurred in litigating fees.

Ultimately, this case has been reasonably and efficiently staffed, and the time that Petitioners claim was reasonably expended and certainly would have been billed to a fee-paying client. It is therefore appropriate for compensation under EAJA. *See Hensley*, 461 U.S. at 431.

**B.      The Hourly Rates Claimed by Petitioners Are Reasonable.**

**1.      Petitioners Are Entitled to Enhanced Hourly Rates.**

With respect to the appropriate hourly rate for Petitioners' counsel, EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour *unless* the court determines that . . . a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C.A. § 2412(d)(2)(A) (emphasis added). Consistent with EAJA, this Court has held that enhanced hourly rates are appropriate "where the attorneys possess distinctive knowledge and specialized skill that was needful to the litigation in

11

question and not available elsewhere at the statutory rate." *Nadarajah v. Holder*, 569 F.3d 906, 912 (9th Cir. 2009). This Court has expressly recognized federal environmental law as a specialized practice area warranting fee enhancements under EAJA. *See Love,* 924 F.2d at 1496 ("Environmental litigation is an identifiable practice specialty that requires distinctive knowledge").

This case called for distinctive knowledge and specialized skills in the area of federal environmental litigation above and beyond what is ordinarily available at the EAJA market rates, and Environmental Integrity Project ("EIP") and the Center for Biological Diversity ("CBD") possessed the knowledge and skills needed to prosecute this case. In fact, CBD attorneys have received enhanced rates due to their unique and specialized expertise in environmental litigation. *See, e.g.*, *Nat'l Family Farm Coalition v. EPA*, Case No. 19-70115, 2023 WL 7017704, at *2 (9th Cir. Mar. 1, 2023). These skills are in short supply in the market at EAJA rates. For these reasons, Petitioners seek reimbursement at enhanced market rates for the legal services provided by their attorneys.

### 2. The Rates Claimed by Petitioners Are Consistent with Prevailing Market Rates for Equivalent Services in the Relevant Jurisdictions.

Because Petitioners meet EAJA's criteria for enhanced hourly rates, it is well established that Petitioners are entitled to rates "in line with those [rates] prevailing in the community for similar services by lawyers of reasonably

comparable skill, experience and reputation." *Nadarajah*, 569 F.3d at 916 (quoting

*Blum v. Stevenson,* 465 U.S. 886, 895 & n. 11 (1984)). The rates Petitioners seek,

included in the table below, are well within the bounds of the most recent hourly

billing rates for attorneys of similar experience and expertise in the relevant

jurisdictions. Petitioners will provide supporting declarations and other evidence to

more fully address reasonable hourly rates, if necessary, at the time the application

is fully briefed and presented to the Court. *See United States v. Hristov,* 396 F.3d

1044, 1048 (9th Cir. 2005) ("When the government can show no prejudice from

allowing an amendment to a fees application, it is unduly harsh not to allow an

amendment to bring the application in conformity with a technical pleading

requirement.").

| Name | Role and Experience | Years on Case | Total Hours | Rate | Amount Incurred |
|---|---|---|---|---|---|
| Jennifer Duggan (DC) EIP | Attorney, 2007 J.D. | 2022-2026 | 48.5 | $873.40 | $42,359.90 |
| Meg Parish (DC) EIP | Attorney, 2006 J.D. | 2022-2025 | 439.75 | $885.00 | $389,178.75 |
| Sarah Kula (DC) EIP | Attorney 2021 J.D. | 2022-2026 | 583 | $478.60 | $279,023.80 |
| Hannah Connor (DC) CBD | Attorney, 2007 J.D. | 2022-2026 | 108.5 | $873.40 | $94,763.90 |
| Jonathan Evans (CA) CBD | Attorney, 2006 J.D. | 2024 | 1.9 | $825.00 | $1,567.50 |

13

## CONCLUSION

This lawsuit succeeded in remanding EPA's decisions not to revise ELGs for the Seven Industrial Categories, in violation of federal laws enacted to protect the environment. Because EAJA was enacted to encourage precisely this kind of public interest litigation, Petitioners are entitled to recover their attorneys' fees.

Respectfully submitted on January 28, 2026.

s:/ *Sarah Kula*
Sarah Kula
Jennifer Duggan
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 599-9786
skula@environmentalintegrity.org
jduggan@environmentalintegrity.org

*Counsel for Petitioners Waterkeeper Alliance, et al.*

s:/ *Hannah Connor*
Hannah Connor
Center for Biological Diversity
1411 K St NW, Suite 1300
Washington, DC 20005
(202) 681-1676
HConnor@biologicaldiversity.org

*Counsel for Center for Biological Diversity*

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of January, 2026 I electronically filed the foregoing Motion for Attorneys' Fees with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

*s:/ Sarah Kula*
Sarah Kula
Environmental Integrity Project
888 17th St. NW, Suite 810
Washington, DC 20006
(202) 599-9786
skula@environmentalintegrity.org
